Argued and submitted September 28, reversed and remanded October 27, 2004

## FERNANDO CERVANTES CASTELLANOS,
*Appellant,*

*v.*

## STATE OF OREGON,
*Respondent.*

0100215CC; A119280

100 P3d 756

J. R. Perkins III argued the cause and filed the brief for appellant.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Leeson, Judge pro tempore.

LANDAU, P. J.

**LANDAU, P. J.**

In this post-conviction proceeding, petitioner contends that he received constitutionally inadequate assistance of counsel because his trial counsel failed to advise him of the likelihood of being deported as a result of pleading guilty to the charge of delivery of a controlled substance. We reverse and remand.

The trial court found that petitioner signed a plea petition after it was read to him and that petitioner understood it. The plea petition, however, said nothing about the possibility of petitioner being subject to deportation as a result of a guilty plea. The court found that petitioner's criminal trial counsel advised him "that he may be deported" and that such advice was sufficient. The trial court voiced concern about its own ruling because federal law at the time of sentencing *required* deportation under the circumstances, but it ultimately concluded that, under existing Oregon case law, trial counsel's advice was sufficient.

In the meantime, we issued our opinion in *Gonzalez v. State of Oregon*, 191 Or App 587, 83 P3d 921, *rev allowed*, 337 Or 247 (2004), in which we rejected the state's contention that "an attorney fulfills the duty to assist an alien client by informing the client that a guilty plea to an aggravated drug felony 'may' subject the client to deportation." *Id.* at 593. After reviewing current federal statutes, we concluded that "federal immigration law now makes it more likely than not that an alien convicted of a controlled substances crime that Oregon law classifies as a felony will be deported." *Id.* Consequently, we concluded, criminal trial counsel was obligated to advise the alien client of the likelihood that, if convicted, the client would be deported. *Id.* at 593-94. Because the post-conviction court had found as fact that the petitioner would not have pleaded guilty if he had been given the proper advice, we affirmed the court's order granting post-conviction relief. *Id.* at 594.

The state agrees that *Gonzalez* applies and that petitioner's trial counsel gave inadequate advice. The state, however, suggests that we should not reverse the post-conviction court outright because—unlike the court in *Gonzalez*—the

court in this case did not make any findings about whether petitioner would have pleaded guilty had he been given the proper advice. We agree. The court must address that issue on remand.

Reversed and remanded.